IN THE UNITED STATED DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMERICAN INFRASTRUCTURE, INC., | : | |
| | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | 08-2701 |
| | : | |
| ZACHRY CONSTRUCTION CORP. and ZACHRY AMERICAN INFRASTRUCTURE, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

**Goldberg, J.**                                                       **February 23, 2009**

      This is a trademark infringement case between private litigants involving discovery requests which include materials that the parties claim to be trade secrets or other "confidential research, development, or commercial information." Consequently, counsel have submitted a proposed Stipulated Protective Order pursuant to Fed. R. Civ. P. 26(c).

      Rule 26(c) expressly sanctions the entry of protective orders regarding the revelation of trade secrets, etc. "Good cause" must exist for such protection. A showing that materials are trade secrets or other confidential business information and would provide competitive advantage to third parties thereby resulting in particularized harm upon disclosure does demonstrate "good cause." <u>Leucadia Inc. v. Applied Extrusion Technologies, Inc.</u>, 998 F.2d 157, 166 (3d Cir. 1993).

      The proposed protective order sets forth the types of information that may be sought through discovery within the specified categories that are protectable, and that significant,

particularized and competitive harm would result should such discovery proceed without the protection sought. Further, the Court finds that the need for a protective order outweighs any legitimate public interest in disclosure. Both parties are private litigants involved in a private cause of action and there appear to be no issues raised in this lawsuit which have importance for public health or safety. On the other hand, the public interest is, under the circumstances here, fostered by the protection of intellectual property and confidential business information.

The terms of the protective order being entered herewith are consistent with the teaching of <u>Glenmede Trust Company v. Thompson</u>, 56 F.3d 476 (3d Cir. 1995). The order contains procedures which properly allocate the burden of proof under Rule 26 (c) and should assure the smooth exchange of discovery material in this complex case, thereby avoiding unnecessary adjudication of confidentiality on a document-by-document basis. Although disclosure is restricted to certain parties' respective legal personnel and expert consultants, it is broad enough to permit the parties adequate trial preparation and at the same time prevent unnecessary intrusions on protected interests.

The Court, therefore, approves the attached Proposed Protective order.

                                          **BY THE COURT:**

                                          _____
                                          **MITCHELL S. GOLDBERG, J.**